UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIAM CHARLES GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 22-83-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN GILLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

William Charles Graham is an inmate confined at the federal penitentiary in Pine Knot, Kentucky. Graham has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] In his petition Graham contends that during his criminal proceedings, the presentence investigation report contained false information which was based upon hearsay evidence. He further complains that no hearing was held to determine his ability to pay a criminal assessment. Graham also claims that the trial court ordered his interest in certain property forfeit without granting his request for a hearing. *See* [R. 1, 3, 5, 6, 7] Graham notes that he has sought relief from his conviction by motion pursuant to 28 U.S.C. § 2255, which remains pending. *See* [R. 1 at 3] Graham has not paid the five dollar filing fee or filed a motion to proceed *in forma pauperis*. Instead, he has filed a document he styles as a "Cash Bond for Payment." [R. 1-1] The Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

This action represents the eighth habeas corpus petition Graham has filed in this Court since November 2021. *See Graham v. Gomez*, No. 6:21-CV-191-KKC (E.D. Ky. Nov. 18, 2021); *Graham v. Landon*, No. 6:21-CV-202-KKC (E.D. Ky. Dec. 14, 2021); *Graham v. Landon*, No.

1

6:22-CV-9-DCR (E.D. Ky. Jan. 25, 2022); *Graham v. Gilley*, No. 6:22-CV-21-KKC (E.D. Ky. Feb. 7, 2022); *Graham v. Gilley*, No. 6:22-CV-57-DLB (E.D. Ky. Mar. 21, 2022); *Graham v. Gilley*, No. 6:22-CV-62-DLB (E.D. Ky. Apr. 7, 2022); *Graham v. USA*, No. 6: 22-CV-67-WOB (E.D. Ky. Apr. 7, 2022). All of these petitions were summarily denied on procedural, substantive, or jurisdictional grounds. And in all of these cases Graham made no effort to pay the required filing fee or has filed a similar "bond" in an effort to circumvent that obligation.

With respect to the filing fee, the Court has previously explained to Graham his obligation to pay the required fee. In every case, Graham has consistently ignored that obligation. The Court will therefore order that the fee be immediately deducted from his inmate account.

The Court has also previously explained to Graham that his claims are premature and that the Court lacks jurisdiction to entertain them. The pendency of Graham's § 2255 motion makes his § 2241 petition premature. *See Graham*, No. 6:22-CV-21-KKC [R. 4 therein at 3 (*citing Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006)]. And Graham's claims in this proceeding are not based upon an intervening Supreme Court decision which establishes that he stands convicted of a non-existent offense. His § 2241 petition must therefore be dismissed for lack of subject matter jurisdiction. *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Accordingly, it is **ORDERED** as follows:

1. The Clerk of the Court shall send a copy of this Memorandum Opinion and Order to the warden of the institution in which Graham is currently confined.

2. Graham's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Graham's inmate trust fund account if the amount in the account exceeds $10.00.

3

    3.    William Graham's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

    This the 2nd day of May, 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge